# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| WILLIAM P. KROSKEY and | : | Bankruptcy No. 09-24852-BM |
| BONNIE A. KROSKEY, | : | |
| Debtors. | : | Chapter 7 |
| | : | |
| Eric Elia Bononi, Chapter 7 Trustee, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary No. 09-2602-BM |
| | : | |
| William P. Kroskey and | : | |
| Bonnie A. Kroskey, | : | |
| Defendants. | : | |

Appearances:    Eric E. Bononi, for the Chapter 7 Trustee.
Michael F. Fives, for William P. and Bonnie A. Kroskey.

## MEMORANDUM OPINION

Eric Bononi, the Chapter 7 Trustee for the above-captioned debtors (hereafter "the Trustee"), objects to the entry of their Chapter 7 discharges. Our imagination leads us to believe that there is a fact scenario out there that adds spark to these fumes. Unfortunately for the Trustee, no relevant evidence was offered to allow for a different result. Therefore, and for the reasons that are set forth below, the Court overrules such objection.

## STATEMENT OF FACTS

William and Bonnie Kroskey, the instant debtors (hereafter "the Debtors"), commenced the instant bankruptcy case on June 30, 2009, by filing a joint Chapter 7 bankruptcy petition. The Trustee timely objected to their Chapter 7 discharges on October 30, 2009.

The Honorable M. Bruce McCullough, to whom this matter was originally assigned, conducted a trial in the matter on October 25, 2010. Before Judge McCullough could enter a final order disposing of the matter, he died. Subsequent to his death, the matter was reassigned to the Honorable Bernard Markovitz. The Court, after familiarizing itself with the record of the instant matter, has concluded that it cannot appropriately complete such matter (i.e., in accordance with Fed.R.Civ.P. 63, which is made applicable to the instant matter by way of Fed.R.Bankr.P. 9028) unless the matter is retried. Therefore, a second trial was held regarding the Trustee's discharge objection on April 13, 2011.

An examination of the Trustee's complaint that commenced his discharge objection, as well as his brief in support thereof, reveals a number of what appear to be distinct grounds given by the Trustee for his discharge objection:

(a)  that the Debtors have generally failed to keep or preserve books, records, documents, and papers from which their financial condition or business transactions might be ascertained;

(b)  that the Debtors owned numerous vehicles that were not listed in their bankruptcy schedules;

(c)  that the Debtors owned, in particular, a 1965 Ford Shelby Mustang worth apparently several hundred thousand dollars, and they (i) failed to disclose their ownership of such vehicle, (ii) failed to list such vehicle in their bankruptcy schedules, and (iii) failed to turn over such vehicle to the Trustee;

(d)　　that the Debtors have failed to turn over to creditors property that belongs to such creditors;

(e)　　that the Debtors failed to list in their bankruptcy schedules assets that belonged to creditors;

(f)　　that the Debtors generally engaged in fraudulent activities when operating their businesses – this ground presumably refers to a contention by the Trustee that the Debtors accepted money from creditors pre-petition for work that they allegedly never performed;

(g)　　that the Debtors provided information regarding assets that they owned in a pre-petition state court legal proceeding, and such information differed from the information provided by the Debtors during the course of the instant bankruptcy proceedings; and

(h)　　that the Debtors failed to report in their bankruptcy schedules pre-petition income that they received for pre-petition restoration services that they provided to various creditors.

## **DISCUSSION**

The Court, after the benefit of two trials on the matter, can, and will now, address each of the foregoing grounds (i.e., grounds (a) – (h)) seriatim. In so doing, the Court is mindful that "[t]he burden of proving a ground for objection to discharge is on the objector." 6 Collier on Bankruptcy, ¶ 727.01[2] at 727-8 (Bender 2010). Such burden need be met only by a preponderance of the evidence. *See* Id.

First, other than merely including in his complaint a general allegation that the Debtors have failed to keep or preserve books, records, documents, and papers from which their financial condition or business transactions might be ascertained, the Trustee has not pursued, either in writing or at trial, the same as a ground for objection to the Debtors' discharges. Therefore, the Court views such ground as having been waived by the Trustee. However, to the extent that such ground has not been waived, the Court holds, quite simply, that such ground has not been preponderantly proven. Therefore, the Debtors' discharges will not be denied under 11 U.S.C. § 727(a)(3) on the basis of such ground.

Second, leaving aside for the moment the 1965 Ford Shelby Mustang, the Court holds that the Trustee has not preponderantly proven that the Debtors owned numerous vehicles that were not listed in their bankruptcy schedules. Therefore, the Debtors' discharges will not be denied under – presumably – § 727(a)(2) or (a)(4)(A) on the basis of such ground.

Third, with respect to the 1965 Ford Shelby Mustang, the Debtors – actually Mr. Kroskey – contend that:

(a)    pre-petition they actually possessed two different 1965 Mustangs,

(b)    they actually owned but one of the two Mustangs, that being one that is in rundown condition and, consequently, worth very little,

(c)    the Shelby Mustang that is the subject of the Trustee's discharge objection was actually a replica, and such replica was owned by Mr. Kroskey's father (who incidentally had the same first and last name as Mr. Kroskey),

4

    who subsequently passed away, by virtue of whom Mr. Kroskey's mother acquired ownership of said replica vehicle,

(d)    such replica vehicle, in any event, was worth far less than several hundred thousand dollars (and ownership was in the name of Mr. Kroskey's mother anyway), and

(e)    Mr. Kroskey, so as to obtain business for his auto restoration business, led a couple of the Debtors' creditors to mistakenly believe that (i) such replica vehicle was real, (ii) such vehicle was worth hundreds of thousands of dollars, and (iii) the Debtors actually owned such vehicle.

The Court holds that the Trustee did not preponderantly disprove the foregoing contentions by the Debtors. Therefore, the Court shall accept such contentions by the Debtors as true. As well, the Court must hold that the Debtors acted appropriately (a) in not disclosing that they owned the replica vehicle (when, of course, they did not), and (b) in not turning over such vehicle to the Trustee. Consequently, the Debtors' discharges cannot be denied under, for instance, § 727(a)(2) on the ground that such replica vehicle constituted estate property or property of the Debtors, and that the Debtors fraudulently transferred, removed, destroyed, mutilated, or concealed the same. In fact, the Court cannot even hold that the Debtors incorrectly answered Question 14 in their Statement of Financial Affairs, which question asks the Debtors to list property that they are holding but that is owned by another person, because, as of their bankruptcy petition filing date, it has not been established that the Debtors were still in possession of the replica vehicle. Therefore, the Court cannot deny the Debtors'

5

discharges under § 727(a)(4)(A) on the ground that they made a false oath in their bankruptcy schedules regarding the replica vehicle.

Fourth, even if the Trustee has proven that the Debtors failed to turn over to creditors property that belonged to such creditors, such is irrelevant given that it does not constitute a basis under any paragraph of § 727(a) for the denial of the Debtors' discharges. More particularly, such allegation cannot implicate § 727(a)(2) because (a) § 727(a)(2) expressly only applies when property of a debtor or his or her bankruptcy estate is involved, and (b) property that belongs to creditors does not constitute property of either the Debtors or their bankruptcy estate.

Fifth, that the Debtors may have failed to list as assets in their bankruptcy schedules property that belonged to creditors also cannot implicate § 727(a)(2) because, as just set forth, property that belongs to creditors does not constitute property of either the Debtors or their bankruptcy estate. The Trustee also has failed to prove that the Debtors knowingly and fraudulently made a false oath, and thereby violated § 727(a)(4)(A), by mistakenly answering Question 14 in their Statement of Financial Affairs (i.e., list property held but that is owned by another person) because the Trustee has failed to prove (a) that, as of the Debtors' bankruptcy petition filing date, the Debtors still possessed any property of their creditors that they had failed to return to them, and (b) that, even if the Debtors still retained some of such property, they mistakenly answered such Question 14 on purpose.

Sixth, whether the Debtors generally engaged in fraudulent activities when operating their businesses, such as, for instance, by accepting money from creditors pre-petition for work that the Debtors allegedly never performed, is irrelevant given that it does not constitute a basis under any paragraph of § 727(a) for the denial of the Debtors' discharges. More particularly, such allegation cannot implicate § 727(a)(4) because (a) acts by the Debtors that could be pursued under § 727(a)(4) are expressly confined to those that are taken "in or in connection with the [Debtors' bankruptcy] case," and (b) acts that the Debtors took while operating their businesses do not pertain to, that is they were not also taken in or in connection with, their bankruptcy case.

Seventh, that asset information provided by the Debtors during a pre-petition state court legal proceeding may have differed from information provided by the Debtors during the course of the instant bankruptcy proceedings does not, by itself, constitute a ground for denial of the Debtors' discharges. Indeed, discrepancies among the information in question can perhaps be the subject of numerous explanations. In particular, one such explanation may be that certain assets were owned pre-petition, which is when information was provided regarding such state court proceeding, and such assets very well may no longer have been owned by the Debtors when they subsequently commenced the instant bankruptcy case.

Eighth, the Trustee has not proven that the Debtors knowingly and fraudulently failed to report in their bankruptcy schedules pre-petition income that they received for pre-petition restoration services that they provided to various

creditors. The Court so holds because (a) the Debtors provided what appears to be data regarding net income earned from their businesses for 2007 through 2009 in response to Question 1 in their Statement of Financial Affairs, (b) such pre-petition income for periods prior to 2007 is not required to be reported in such Question 1, (c) such pre-petition income is not required to be reported anywhere else in the Debtors' bankruptcy schedules, (d) such income, for the years required, is not required to be broken down into any greater detail than has been provided by the Debtors (i.e., only overall income data need be provided, and that is what was reported by the Debtors), and (e) the Trustee has not proven that such net income figures do not include all of the pre-petition net income for the years 2007 – 2009 that was earned by the Debtors. The Court notes that the Debtors should have provided gross income data in response to such Question 1 because that is what such question requires. However, that the Debtors have provided net income information instead is irrelevant to the issue of whether (a) they have reported all of their income for a particular year, or (b) such income figures include income earned from a particular source (i.e., creditor).

The Court also notes that the Trustee has failed to prove that the Debtors, as of their bankruptcy petition filing date, still possessed income earned from particular creditors in the form of cash or some other asset. Therefore, the Trustee has not proven that the Debtors failed to disclose in their bankruptcy schedules pre-petition income that they received for pre-petition restoration services that they provided to various creditors. Consequently, the Trustee has not proven, by virtue of the aforesaid income allegation, that the Debtors (a)

transferred, removed, or concealed either their property or property of their bankruptcy estate in violation of § 727(a)(2), or (b) knowingly and fraudulently made a false oath in violation of § 727(a)(4)(A).

## **CONCLUSION**

For all of the foregoing reasons, the Court overrules the Trustee's numerous objections to the Debtors' Chapter 7 discharges.

**BY THE COURT**

 /s/
**BERNARD MARKOVITZ,
U.S. Bankruptcy Judge**

**DATED:    June 17, 2011**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| WILLIAM P. KROSKEY and | : | Bankruptcy No. 09-24852-BM |
| BONNIE A. KROSKEY, | : | |
| Debtors. | : | **Chapter 7** |
| | : | |
| Eric Elia Bononi, Chapter 7 Trustee, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary No. 09-2602-BM |
| | : | |
| William P. Kroskey and | : | |
| Bonnie A. Kroskey, | : | |
| Defendants. | : | |

## ORDER OF COURT

**AND NOW,** this **17th day** of **June, 2011**, for the reasons set forth in the accompanying Memorandum Opinion of the same date; and subsequent to notice and trials on the matter that were held on October 25, 2010, and April 13, 2011, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the Trustee's numerous objections to the instant debtors' Chapter 7 discharges are **OVERRULED**.

                                                        **BY THE COURT**

                                                        **/s/**
                                                        **BERNARD MARKOVITZ,
U.S. Bankruptcy Judge**

cm:    Michael F. Fives, Esq.
         Eric E. Bononi, Esq., Ch. 7 Trustee
         Office of the U.S. Trustee
         (to be served electronically by case administrator)